IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **Sapphire Crossing LLC**, | Case No. 2:18-cv-5529 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Valley National Bancorp,** | |
| Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sapphire Crossing LLC ("Sapphire Crossing"), through its attorney, Isaac Rabicoff, complains against Valley National Bancorp ("Valley") and alleges the following:

### PARTIES

1. Plaintiff Sapphire Crossing LLC is a corporation organized and existing under the laws of Texas and maintains its principal place of business at 5570 FM 423 Suite 250, #2008, Frisco, TX 75034.

2. Defendant Valley National Bancorp is a corporation organized and existing under the laws of New Jersey and maintains its principal place of business at 1455 Valley Road, Wayne, New Jersey 07470.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§

1331 and 1338(a).

5. This Court has personal jurisdiction over Valley because it has engaged in systematic and continuous business activities in the District of New Jersey. Specifically, Valley has branch bank locations in New Jersey, and provides its full range of banking services to residents in this District. As described below, Valley has committed acts of patent infringement giving rise to this action within this District.

## VENUE

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b)-(d) and 1400(b) because Valley has committed acts of patent infringement in this District and has a regular and established place of business in this District. Specifically, Valley has branch bank locations in New Jersey and provides its full range of banking services to residents in this District. In addition, Sapphire Crossing has suffered harm in this District.

## PATENT-IN-SUIT

7. On May 10, 2005, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 6,891,633 ("the '633 Patent") to Xerox Corporation ("Xerox"), naming Ken Hayward, Marc J. Krolczyk, Dawn M. Marchionda, Thomas L. Wolf and James S. Laird as the inventors. The '633 Patent is titled "Image Transfer System". A copy of the '633 Patent is attached to this Complaint as Exhibit A.

8. The '633 Patent is valid and enforceable.

9. On November 25, 2015, Xerox assigned all right, title, and interest in and to the '633 Patent to Sapphire Crossing is the assignee of all right, title, and interest in the '633 Patent, including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '633 Patent. Accordingly,

Sapphire Crossing possesses the exclusive right and standing to prosecute the present action for infringement of the '633 Patent by Valley.

10. The '633 Patent is directed to a novel image transfer system comprising a transfer device which can be operably connected to a computer. The system includes a reader for reading an image on a first medium, and a display for displaying an image transfer menu for effecting transfer of the image to perform a selected function. For example, the reader can be a mobile electronic device used to take a photograph of a first medium (for example, a check), and then offer on the display of the mobile electronic device a menu of different actions that can be selected to accomplish a particular task: for example, to deposit the check into a particular bank account. A downloadable app can transform the mobile device into the claimed image transfer device. Without the app, the mobile device cannot display the first type of menu, read the check, establish a connection with a computer, transfer the image to the computer, or display the second type of menu.

11. Claim 19 of the '633 patent is directed to a method for transferring information from a first medium (for example, a check), comprising the steps of: providing an image transfer device (for example, a smart phone); having a scanner for reading an image on a first medium; reading the image with the scanner; uploading an image transfer menu to be displayed on the device from a computer (for example, Valley's server) connected to the device; a processor of the device merging the data read by the scanner; and the device transferring the merged image to a second medium (for example, a computer).

12. Claim 20 of the '633 patent is directed to the same method as Claim 19

with the added requirement that the device does not store the menu uploaded from the computer.

## VALLEY'S INFRINGING SYSTEM AND METHOD

Without authority from Sapphire Crossing, Valley makes, uses (including by having its employees test), markets, sells, or otherwise provides an image transfer method that uses a reader for reading an image on a first medium, and a display for displaying an image transfer menu to perform a selected function, i.e., Valley's Mobile Banking app (the "Accused Instrumentality"). *See* Figure 1; https://www.valleyflorida.com/mobile-banking.htm.



VNB Android App on Google Play VNB iOS App on Apple App Store VNB Android App on Amazon





*Figure 1. Valley's Mobile Banking app allows users to deposit checks over the phone.*

13. Valley provides a downloadable app for use on mobile devices that transforms such devices into the Accused Instrumentality that performs the elements recited in the claims.

14. Specifically, mobile devices that support Valley's app must include a camera that, together with Valley's app, is used in the following infringing manner. Scanning an image on a first medium, for example, the dollar amount on a paper check. *See* Figures 1, 2; https://www.valleyflorida.com/mobile-banking.htm.





*Figure 2. Valley's Mobile App scans the check image, which contains a specified dollar amount.*

15. Reading the image on the first medium with the scanner. *See* Figures 1, 2.

16. Automatically uploading and displaying on the device's display screen an image transfer menu obtained via a communication channel from Valley's computer(s), where that menu offers the option to deposit the scanned check. *See* Figure 3; https://www.valleyflorida.com/mobile-banking.htm.



VNB Android App on Google Play VNB iOS App
on Apple App Store VNB Android App on Amazon

*Figure 3. Valley's Mobile App allows users to deposit the check image into any of their accounts.*

17. Merging the scanned check and the selected deposit scanned check menu option. *See* Figure 3.

18. Transmitting the merged information from the mobile device to a second medium, for example, Valley's server(s). *See* Figure 3.

19. On its website, Valley specifically instructs its customers to use the Accused Instrumentality in a way that infringes at least claim 19 of the '633 Patent. *See, e.g.*, https://www.valleyflorida.com/mobile-banking.htm.

### COUNT I: DIRECT INFRINGEMENT

20. Sapphire Crossing incorporates the above paragraphs herein by reference.

21. As a result of making, using (including having its employees internally test and use the Accused Instrumentality as alleged below), marketing, and providing the Accused Instrumentality, Valley has and continue to directly infringe at least claim 19 of the '633 Patent literally and/or under the doctrine of equivalents.

22. As set forth above, the Accused Instrumentality is specifically designed to perform every step of at least Claims 19 of the '633 Patent, and each use of the Accused

Instrumentality will result in infringement of at least that claim.

23. Upon information and belief, Valley has and continues to directly infringe at least claim 19 of the '633 Patent when it internally tested and used the Accused Instrumentality.

24. Upon information and belief, Valley's employees and/or individuals under Valley's control use the Accused Instrumentality to test the operation of the Accused Instrumentality and its various functions, in the infringing manner described here, and thereby infringes at least claim 19 of the '633 Patent. Sapphire Crossing therefore alleges that Valley has and continues to directly infringe the '633 Patent by using the Accused Instrumentality to perform at least method of claim 19.

25. Upon information and belief, Valley also have and continue to directly infring at least claim 19 of the '633 Patent when its employees use the Accused Instrumentality.  Upon information and belief, Valley's employees and/or individuals under Valley's control use the Accused Instrumentality in an infringing manner and described in detail in the above section (INFRINGING SYSTEM AND METHOD).  Sapphire Crossing therefore alleges that Valley directly infringes the '633 Patent by using the Accused Instrumentality to perform the method of at least claim 19.

26. Since at least the date that this Complaint was filed, Valley has willfully infringed at least claim 19 of the '633 Patent by directly infringing the patent with knowledge of the patent and despite an objectively high likelihood that its actions constituted infringement of the '633 Patent.

27. Sapphire Crossing has suffered damages as a result of Valley's direct infringement of the '633 Patent.

28. Sapphire Crossing is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

29. Sapphire Crossing will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

### COUNT II: INDIRECT INFRINGEMENT

30. Sapphire Crossing incorporates the above paragraphs herein by reference.

31. **Induced Infringement.** Valley has also actively induced, and continues to induce, the infringement of at least claim 19 of the '633 Patent by actively inducing its customers, including merchants and end-users to use the Accused Instrumentality in an infringing manner as described above.

32. Upon information and belief, Valley has specifically intended that its customers use the Accused Instrumentality in a manner that directly infringes at least claim 19 of the '633 Patent by, at a minimum, providing access to, support for, training and instructions for, the Accused Instrumentality to its customers, and thereby directs them to infringe at least claim 19 of the '633 Patent, as described above (specifically, as described above in INFRINGING SYSTEM AND METHOD).

33. Valley has been aware of the '633 Patent since at least the filing date of this Complaint, and, upon information and belief, knew since at least this date that the use of the Accused Instrumentality constitutes direct infringement of the '633 Patent.

34. Upon information and belief, at least one of Valley's customers has used the Accused Instrumentality in a manner that infringes the '633 Patent since Valley

became aware of the '633 Patent and that the Accused Instrumentality infringes this patent.

35.   **Contributory Infringement.** Valley has also contributed to the infringement of at least claim 19 of the '633 Patent by providing the Accused Instrumentality to, among others, its customers, and by advertising, promoting, encouraging, instructing and aiding others to use the Accused Instrumentality in an infringing manner.

36.   Valley has engaged in these activities knowing that the Accused Instrumentality is especially made and adapted for use, and is in fact used, in a manner that constitutes infringement of at least claim 19 of the '633 Patent. The Accused Instrumentality is not a staple article or commodity of commerce that is suitable for substantial non-infringing uses.

37.   Since at least the filing date of this Complaint, Valley has known that the use of the Accused Instrumentality infringes the '633 Patent, and that such combination of components has no substantial non-infringing use.

38.   Sapphire Crossing has suffered damages as a result of Valley's indirect infringement of the '633 Patent.

39.   Sapphire Crossing is entitled to recover damages adequate to compensate it for such infringement in an amount no less than a reasonable royalty under 35 U.S.C. § 284.

40.   Sapphire Crossing will continue to be injured, and thereby caused irreparable harm, unless and until this Court enters an injunction prohibiting further infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Sapphire Crossing prays for judgment against Valley on all the counts and for the following relief:

A.  A declaration that Sapphire Crossing is the owner of the right to sue and to recover for infringement of the '633 Patent being asserted in this action;

B.  A declaration that Valley has directly infringed, actively induced the infringement of, and/or contributorily infringed the '633 Patent;

C.  A declaration that Valley and its customers are jointly or severally responsible for the damages from infringement of the '633 Patent through the use of the Valley's Mobile app;

D.  A declaration that Valley is responsible jointly or severally with its customers for the damages caused by the infringement of the '633 Patent through the use of the Valley Mobile app by Valley's customers;

E.  An accounting for damages under 35 U.S.C. § 284 for infringement of the '633 Patent by Valley, and the award of damages so ascertained to Sapphire Crossing together with interest as provided by law;

F.  An award of Sapphire Crossing's costs and expenses;

G.  An award of Sapphire Crossing's attorney fees; and

H.  Such other and further relief as this Court may deem proper, just and equitable.

                                            Respectfully submitted,

                                            /s/ Stamatios Stamoulis
                                            Counsel for Plaintiff

Stamatios Stamoulis #4606
stamoulis@swdelaw.com
Richard C. Weinblatt #5080
weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
(302) 999-1540

Isaac Rabicoff
isaac@rabilaw.com
Kenneth Matuszewski
kenneth@rabilaw.com
Rabicoff Law LLC
73 W Monroe
Chicago, IL 60603
(773) 669-4590
Counsel for Plaintiff